## Kitson License

*Biester & Ludwig,* for appellant.
*William H. Eastburn, 3rd,* for Commonwealth.

FULLAM, J., August 4, 1964.—On November 8, 1962, at about 6:30 a.m., appellant, Edward R. Kitson, was operating his pick-up truck, on his way to work. Going east on Toll House Road, he approached its intersection with York Road, preparatory to making a right turn on York Road. Instead of halting his vehicle at the stop sign he slowed down, and, in the words of the arresting officer, ". . . just rolled through the stop sign. I would say it was, approximately, ten or fifteen miles an hour. It was a 'slow-down' job."

The violation was observed by a local police officer, and appellant paid a fine and costs for the violation. On the basis of this violation, the Secretary of Revenue, on February 28, 1964, entered an order suspending appellant's operating privileges for a period of one year, commencing March 6, 1964.

The very recital of the foregoing facts suggests that the suspension order cannot possibly be justified on the basis of the violation charged, standing alone.

It is not suggested that there were any other vehicles in the immediate vicinity at the time of the alleged violation. While the arresting officer testified that traffic conditions were "moderate," his estimate of the amount of traffic, an estimate which, considering the balance of his testimony, we may safely regard as not being unduly favorable to appellant, indicates that vehicles were traveling through the intersection in question at the rate of about one vehicle every two minutes.

Accordingly, the order appealed from must be reversed, unless it can be justified on the basis of an exceptionally bad driving record. While certain features of appellant's earlier driving career are far from commendable, we do not feel that his record as a whole can properly be held to justify the imposition of a one-year suspension under the circumstances of the present case.

The present violation, which occurred on November 8, 1962, was the last in a series of violations committed by appellant. On May 25, 1960, appellant was charged with speeding at the rate of 50 miles per hour in a 35-mile speed zone. For this, his license was suspended for three months in January of 1961. His license was restored on April 3, 1961, and the very next day, he was charged with failure to have his operator's license in his possession; for this offense, he received a warning letter on May 26, 1961.

On February 17, 1962, appellant was charged with reckless driving, the circumstances of which do not appear, and for this his license was suspended for 15 days on March 21, 1963, restored April 3, 1963. On May 17, 1962, he was charged with making an improper pass, and his license was suspended for one month, from November 12, 1963, to December 11, 1963. On May 21, 1962, appellant was charged with a traffic-light violation, and received a warning letter at some undisclosed date.

It is thus to be noted that appellant's operating privileges have been suspended for a total of 45 days since the present violation was committed, for offenses which occurred earlier in 1962.

Although the circumstances of the reckless driving violation on February 17, 1962, are not disclosed by the record, from the fact that appellant received only a 15-day suspension notwithstanding the previous offenses, it seems reasonable to suppose that the violation was not an especially flagrant one. It appears, therefore, that appellant's most serious previous violation was to drive at the rate of 50 miles per hour in a 35-mile speed zone, on May 25, 1960. So far as the record discloses, he has never had an accident. His last offense occurred 18 months ago.

Appellant is selfemployed as a roofing contractor, In partnership with his brother, he employs approximately 15 men, and requires the constant use of a motor vehicle traveling to and from work, between jobs for supervising purposes, making estimates, etc. Appellant drives on an average of 25,000 to 30,000 miles per year.

While even a minor infraction such as the one presently under discussion might justify a one-year suspension in the case of a flagrant and repeated violator whose record marks him as a menace to safety, it is clear that appellant is not in that category.

Under all of the circumstances, we are compelled to the conclusion that the order of suspension cannot be sustained.

### Order

And now, August 4, 1964, for the reasons set forth in the foregoing opinion the order of the Secretary of Revenue suspending appellant's operating privileges for a period of one year from March 6, 1964, is hereby reversed.